**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Dr. Jay Joshi and National Pain Centers, LLC<br><br>Plaintiffs,<br>v.<br><br>Dr. Jay K. Joshi, Institute of Advanced Care & Analytics, PC d/b/a Prestige Clinics,<br><br>Defendants. | Case No. 18 C 5426<br>The Hon. Sara L. Ellis |

### DEFENDANTS' RESPONSE TO MANDATORY INITIAL DISCOVERY REQUESTS UNDER THE COURT'S MANDATORY INITIAL DISCOVERY PILOT PROJECT (MIDP)

1. State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.

**Response:**

    a. Plaintiff Dr. Joshi. Address and telephone number unknown. The Plaintiff is believed to have information regarding all allegations in the Complaint

    b. The Defendant Dr. Joshi. Contact information on file with defense counsel. Dr. Joshi has information regarding his use of his own name in connection with his own practice.

2. State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses. Unless you assert a privilege or work product protection against disclosure under applicable law, attach a copy of each such statement if it is in your possession, custody, or control. If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.

**Response:** None.

3. List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses. To the extent the volume of any

such materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity. Include in your response the names and, if known, the addresses and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control. For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them available for inspection on
the date of the response, instead of listing them. Production of ESI will occur in accordance with paragraph C.2 below.

**Response:** Defendant Dr. Joshi identifies the following documents which may be relevant to any party's claims or defenses:

- A. Accounting and marketing information are stored on Dr. Joshi's computer, which is currently in his wife's possession.
- B. Dr. Joshi has copies of articles written about him, which are located on his computer and in his attorneys' possession.
- C. Dr. Joshi has email accounts that may contain relevant information, messages from which are stored on his computer and/or remotely on the e-mail providers' servers.
- D. Documents relevant to the allegations contained in the Plaintiff Dr. Joshi's complaint. which are believed to be in the Plaintiff's possession.

4. For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based.

**Response:** With respect to each of the Defendant Dr. Joshi's affirmative defenses set forth in his Answer and Affirmative Defenses, he states as follows:

    a. **Fair Use.**
    The Defendants in good faith used "Dr. Jay Joshi" only other than to indicate the "source" of the Defendant's services. Specifically, any time that Defendants used "Jay Joshi" "Dr. Jay Joshi" or "Jay Joshi, M.D.," they did so to accurately describe that the medical services in question would be and were provided by the Defendant, Dr. Jay Joshi, M.D. The use of these phrases was only to describe the person who would be rendering the medical services.

    b. **Abandonment.**
    The Plaintiff, to the extent that he has any rights in the parties' shared name "Jay Joshi" and/or "Dr. Jay Joshi," has abandoned such rights by failing to police them by taking any actions against any of many other doctors and other professionals named Jay Joshi or any name that was or could be construed as confusingly similar.

    c. **Statute of Limitations.**
    As Plaintiff Dr. Joshi knew of the Defendant Dr. Joshi and the use of his name in connection with the medical services he provided more than three years before the filing of this lawsuit, his claims are barred by the statute of limitations.

    d.    **Laches.**
As Plaintiff Dr. Joshi knew of the Defendant Dr. Joshi and the use of his name in connection with the medical services he provided more than three years before the filing of this lawsuit, his claims are barred by laches.

    e.    **Waiver, Acquiescence, and/or Estoppel.**
The Plaintiff Dr. Joshi, upon information and belief, knew of online profiles that combined the contact information of the Plaintiff Dr. Joshi and the Defendant Dr. Joshi. Despite knowing of these third-party errors, the Plaintiff Dr. Joshi did nothing to correct them.

The Plaintiff Dr. Joshi, upon information and belief, knew of online reviews that mixed up reviews for the Plaintiff Dr. Joshi with the Defendant Dr. Joshi and/or vice versa. Despite knowing of these third-party errors, the Plaintiff Dr. Joshi did nothing to correct them.

The Plaintiff Dr. Joshi has, upon information and belief, known of the use of the names "Dr. Jay Joshi," "Jay Joshi, M.D.," "Jay Joshi," "Jaiten Joshi," "Sanjay Joshi," and numerous similar names used to describe doctors, some of whom also specialize in pain medicine, but has never taken any steps to stop any of these uses.

The Plaintiff Dr. Joshi has known of the Defendant Dr. Jay Joshi's use of his own name to describe himself, but has never taken any steps to stop any of these uses prior to the filing of this lawsuit.

5.    Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered. You may produce the documents or other evidentiary materials with your response instead of describing them.

**Response:** Defendant does not currently seek affirmative relief, so this paragraph is inapplicable. Defendant expressly reserves the right to supplement this response in the future, if necessary.

6.    Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment. You may produce a copy of the agreement with your response instead of describing it.

**Response:** None. All relevant insurance policies have previously been provided to counsel of Plaintiff, and all relevant reviews have denied coverage.

Dated: August 30, 2019

Respectfully submitted,

/s/ Michael R. La Porte

Michael R. La Porte
mrl@fg-law.com
William W. Flachsbart
wwf@fg-law.com
Flachsbart & Greenspoon LLC
333 N. Michigan Ave., Suite 2700
Chicago, IL 60601-3901
Phone: (312) 551-9500
Fax: (312) 551-9501

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 30, 2019, I caused a true and correct copy of the foregoing document to be sent *via* electronic mail to parties listed below:

>Mikhael Bortz (mbortz@bortzlawfirm.com)
>BORTZ LAW FIRM, PA
>4245 Knox Ave.
>Chicago, IL
>(800) 608-5407

>/s/ Michael R. La Porte
>Michael R. La Porte